RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  9 /19 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MIKHAEL CHARLES DORISE | DOCKET NO. 11-CV-928; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WARDEN MARIA MEDINA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se Petitioner Mikhael Charles Dorise filed a petition for writ of habeas corpus in the captioned matter pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Bureau of Prisons, presently incarcerated at the United States Penitentiary in Pollock, Louisiana. He contends that the district court improperly classified him as a career offender under U.S.S.G. §4B1.1 based on a prior conviction for robbery.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED** for lack of jurisdiction.

### *Procedural History*

Dorise is currently serving three consecutive sentences, totaling 411 months, for robbery, use of a firearm during the commission of a crime of violence and possession of a firearm by a felon. [3:02-cr-10 S.D. Tex; Doc. 265] On May 24, 2002, Dorise, armed with a pistol, forced his way into the Guaranty Bank in La Marque, Texas, just prior to its opening, threatened three bank

employees at gunpoint, forced them to give him approximately $180,000.00, locked them in the bank's vault, and then fled in a truck belonging to one of the employees. Dorise was captured shortly after the robbery. [Id.]

Dorise represented himself at trial after rejecting three separate court-appointed attorneys. He was convicted by a jury of the three crimes alleged against him on May 28, 2004. At sentencing, stand-by counsel represented him. He was sentenced to 411 months of imprisonment, pursuant to the Armed Career Criminal Act (ACCA). On appeal, he accepted the representation of appointed counsel. His sole issue on appeal was whether he was competent to waive his right to counsel. On January 16, 2006, his convictions were affirmed by the United States Court of Appeals for the Fifth Circuit, which found that the judge did not err in finding that Dorise knowingly and willingly waived his right to counsel. U.S. v. Dorise, 163 Fed.Appx. 305 (5th Cir. 2006). On October 6, 2006, the United States Supreme Court denied his petition for certiorari. U.S. v. Dorise, 163 Fed.Appx. 305 (2006).

More than 2 years later, on November 4, 2008, Dorise filed a motion under §2255 to vacate, set aside, or correct sentence. [3:02-cr-10, S.D. Tex., Doc. #265] Petitioner was denied the benefit of equitable tolling, and his §2255 motion was denied as time-barred. [3:02-cr-10, S.D. Tex., Doc. #268, 269] Alternatively, the court determined that Dorise's claims were either procedurally

barred, not cognizable in a §2255 proceeding, or unavailing. [Id.] Petitioner sought a certificate of appealability, which was denied by the district court as well as the Fifth Circuit Court of Appeals. [3:02-cr-10, S.D. Tex., Docs. #277, 291]

Thereafter, Petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. §3582(c)(2). Because Dorise did not direct the court to an amendment to the sentencing guidelines that may impact the applicable range of punishment imposed, it concluded that Dorise's motion was simply "a second attempt at securing relief without designating it a writ." [Id. Doc. #302] The motion was denied.

Dorise also sought permission from the Fifth Circuit to file a successive §2255 motion to challenge his convictions and 411-month sentence. He asserted that he had newly discovered evidence: the indictment and conviction of Judge Samuel B. Kent, who presided over Dorise's trial and sentencing. He claims that Judge Kent's decisions in the case were influenced by a female witness. [Id. Doc. #306] He also asserts that his claims rely on a new rule of constitutional law announced in U.S. v. Booker, 543 U.S. 220 (2005). The Fifth Circuit found that Dorise had not make the requisite showing, and Dorise's motion was denied on August 31, 2010. [Id. Doc. #306]

Undeterred, Petitioner again sought an authorization from the Fifth Circuit to file a successive 2255 motion. This time, Dorise

argued that he was actually innocent of the career offender sentence enhancement that was applied in his case. [Id. Doc. #307] He claimed that his request was based on new rules of constitutional law announced in Johnson v. U.S., 130 S.Ct. 1265 (2010), McDonald v. Chicago, 130 S.Ct. 3020 (2010), and Begay v. United States, 553 U.S. 137 (2009). The Fifth Circuit pointed out to Dorise that the Supreme Court did not, in any of those cases, state that it was applying a new rule of constitutional law to be applied retroactively to criminal convictions on collateral review. Moreover, Dorise did not identify any new evidence implicating his innocence. Dorise's second request to file a second or successive 2255 motion was denied, and Dorise was warned against filing future frivolous, repetitive, or otherwise abusive filings. [3:02-cr-10 S.D. Tex., Doc. #307]

In his original Petition, Dorise claims that a subsequent interpretation of the Texas statute under which he was convicted in 1992 shows that he was convicted for an act that the law does not make criminal. [Doc. #1, p.] He argues that he was sentenced as a "career offender" but only had one prior violent felony. [Doc. #1, p. 7] Petitioner claims that, in light Begay, Johnson, and Nijhawan v. Holder, 129 S.Ct. 2294 (2009), his enhancement is invalid. [Doc. #5] He argues that the conduct for which he was convicted in 1992 is no longer a crime of violence.

4

*Discussion*

As a threshold matter, the court must determine whether this claim is properly raised in a section 2241 habeas petition. While an application for writ of habeas corpus under 28 U.S.C. §2241 is the proper method for challenging the manner in which a sentence is being executed, see United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992), a collateral attack on a federal criminal conviction or sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255, see Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Thus, a section 2241 habeas petition is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. See id. at 877-78. The only exception to this rule is when the remedy provided under section 2255 is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001), *cert. denied*, 534 U.S. 1001 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." Id. at 830, *quoting* Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." Id.

5

Here, Petitioner has identified no retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense. The Fifth Circuit has made clear to Petitioner that the Supreme Court did not, in Begay nor Johnson, state that it was applying a new rule of constitutional law to be applied retroactively to criminal convictions on collateral review. The same goes for Nijhawan, which is a case discussing the deportation of an alien convicted of an aggravated felony. Although the "aggravated felony" statue may resemble the ACCA, it is not the law under which petitioner was enhanced.

Furthermore, the United States Supreme Court has held that if, by the time of sentencing under the ACCA, a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence. See Daniels v. U.S., 532 U.S. 374, 382 (2001). If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. Id. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive. In this case, Petitioner's prior conviction from 1992 is probably no longer subject to direct or

collateral attack. It is presumptively valid, and not subject to attack in this 2241 petition.

Petitioner cannot satisfy the requirements of the savings clause of 2255. **Therefore, IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus under 2241 be **DENIED and DISMISSED** because the Court lacks jurisdiction to consider these claims.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 16th day of September, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE